UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARBARA SCHNEIDER,

    Plaintiff,

v.                                                 Case No. 06-C-345

TSYS TOTAL DEBT MANAGEMENT, INC.,

    Defendant.

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**I. BACKGROUND**

This action was commenced on March 20, 2006, when the plaintiff, Barbara Schneider ("Schneider"), filed a complaint in the Eastern District of Wisconsin alleging that the defendant, TSYS Total Debt Management, Inc. ("TSYS") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. More precisely, Schneider alleges that TSYS violated 15 U.S.C. § 1692g(a)(2) when it sent a collection letter to Schneider which did not state the name of the creditor to whom Schneider's debt was owed. To be sure, the collection letter sent to Schneider identified the creditor as "TARGET." (Compl., Ex. A.) According to Schneider's complaint, however, "Target" is not the full name of any corporation. But, there are numerous corporations that begin with the word "Target," *inter alia*, Target Bank, Target Bridges, Inc., Target Capital Corporation, Target Customs Brokers, Inc., Target National Bank, Target Technology Services India Private Limited, Target Receivables Corporation, Target Services, Inc., and Target Stores, Inc.

(Compl. at 2.) In her complaint, Schneider alleges, "on information and belief," that TSYS was collecting debts on behalf of Target National Bank.

On May 22, 2006, TSYS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Schneider failed to state a claim upon which relief can be granted. Specifically, TSYS asserts that by identifying the creditor as "Target" and including an account number in its collection letter, it has sufficiently complied with section 1692g(a)(2). The defendant's motion to dismiss has been fully briefed and is ready for resolution. For the reasons which follow, the defendant's motion will be denied.

## II. DISCUSSION

A motion pursuant to Rule 12(b)(6), Fed. R. Civ. P., requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted. For the purposes of a motion to dismiss, all factual allegations of the complaint are taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Eison v. McCoy*, 146 F.3d 468, 470 (7th Cir. 1998). Such allegations must be viewed liberally and in the light most favorable to the plaintiff. *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the court is not required to ignore any facts alleged in the complaint that undermine the plaintiff's claim or to assign weight to unsupported conclusions of law. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

Section 1692g(a) of the FDCPA provides that a debt collector's initial communication with the consumer, or a written notice provided five days after the initial communication, must provide the following information:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Although the FDCPA "does not say in so many words that the disclosures required by it must be made in a nonconfusing manner . . . it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). Indeed, the FDCPA creates an "implied duty to avoid confusing the unsophisticated consumer." *Id.* As the Seventh Circuit recently stated, if the mandatory information enumerated in § 1692g "is not communicated to the debtor, or if it is provided in a manner that is 'confusing' to the consumer, § 1692g has been

3

violated." *McMillan v. Collection Professionals Inc.*, --- F.3d ----, 2006 WL 1867483 at *2 (7th Cir. July 7, 2006)

Accordingly, when assessing a FDCPA claim, the court must view the claim "through the eyes of an 'unsophisticated debtor.'" *Id.* (quoting *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994)). The unsophisticated consumer is regarded as "uninformed, naive, or trusting," but nonetheless is considered to have a "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004) (internal quotations omitted). Yet, the unsophisticated consumer standard is an objective one. Courts disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters. *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). After all, any document can be misread. Thus, the FDCPA is not violated by a letter that is susceptible of an ingenious reading. The FDCPA protects the unsophisticated debtor, but not the irrational one. *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000). Consequently, a plaintiff's mere claim of confusion is not enough to ultimately prevail. "[A] collection letter cannot be confusing as a matter of law or fact 'unless a significant fraction of the population would be similarly misled.'" *Id.* (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

However, "when a complaint alleges that a dunning letter is confusing, and thus a violation of § 1692g, the plaintiff has stated a recognizable legal claim; no more is necessary to survive a Rule 12(b)(6) motion." *McMillan*, 2006 WL 1867483 at *2; *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326-27 (7th Cir. 2000) ("[A] FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) simply by alleging that a dunning letter was confusing."). This is because

4

whether the unsophisticated debtor would be confused is a fact-based question, and accordingly, "dismissal is typically not available under 12(b)(6), which is appropriate only when there is no set of facts consistent with the pleadings under which the plaintiff could obtain relief." *McMillan*, 2006 WL 1867483 at *2. Furthermore, the Seventh Circuit has

> cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *Walker*, 200 F.3d at 501-03 (stating that, even if the lawyers and judge involved thought a letter was not confusing, it would be "possible to imagine facts" that still would support a conclusion that the letter was confusing, such as survey results suggesting that four out of five high school dropouts found it to be confusing)."[W]hat seems pellucid to a judge, a legally sophisticated reader, may be opaque" to the unsophisticated consumer. *Johnson*, 169 F.3d at 1060.

*Id.* at *3.

Turning to the facts of this case, Schneider does not allege in her complaint that she was confused by the collection letter. If Schneider had done so, as previously stated, her alleged confusion would be enough to defeat the defendant's motion to dismiss. Yet, whether Schneider herself was confused by the collection letter is of no moment. This is because a plaintiff claiming a violation of the FDCPA need not allege confusion if the plaintiff is simply seeking statutory damages, not actual damages, as Schneider has done in this case. *Bartlett*, 128 F.3d at 500. Indeed, the plaintiff need not even have read the collection letter in order to allege that such letter violates the FDCPA. *Id.* (stating that "if reading were an element of the violation, then Bartlett would have to prove that he read the letter. But it is not. The statute, so far as material to this case, requires only that the debt collector 'send the consumer a written notice containing' the required information. § 1692g(a)").

The gist of TSYS's argument is that (1) it sufficiently identified the name of the creditor by including the name "Target" and an account number on the collection letter, and thus, did not violate § 1692g(a)(2), and (2) because such information was included in the collection letter, the unsophisticated debtor could "objectively deduce or infer who the creditor is" and thus, would not be confused. (Def.'s Br. at 6.) The problem with the defendant's argument is that, at this early stage of the litigation, the full and complete name of the creditor is unknown, that is, at least to the court. To be sure, Schneider alleges in her complaint that, "on information and belief," the full and complete name of the creditor is Target National Bank. (Compl. at 2.) And, throughout its briefs, TSYS implies that the full and complete name of the creditor includes the name "Target." Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym "T.A.R.G.E.T," it would be impossible for this court to decide whether TSYS sufficiently identified the creditor to whom Schneider's debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the court, and given the fact-based nature of the confusion question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection letter.

The Seventh Circuit recently stated that:

> Undoubtedly, there will be occasions when a district court will be required to hold that no reasonable person, however, unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision. In most instances, however, a proper application of the rule will require that the plaintiff be given an opportunity to demonstrate that his allegations are supported by a factual basis responsive to the statutory standard.

6

*McMillan*, 2006 WL 1867483 at *4. Simply put, I cannot say that it "appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ogden Martin Systems of Indianapolis, Inc.*, 179 F.3d at 526 (internal quotations omitted). Accordingly, because it is "possible to imagine evidence" that would support the allegations of Schneider's complaint and establish a violation of § 1692g(a)(2), the defendant's motion to dismiss will be denied. *McMillan*, 2006 WL 1867483 at *4; *see also Walker v. Nat'l Recovery Inc.*, 200 F.3d 500, 503 (7th Cir. 1999).

Lastly, I find unpersuasive the defendant's argument that, because Schneider failed to state "the name she contends is the accurate name of the creditor to whom she owes a debt" in her complaint, the complaint should be dismissed. (Def.'s Br. at 7.) In support for this argument, TSYS relies upon *Dikun v. Streich*, 369 F.Supp.2d 781 (E.D. Va. 2005). In *Dikun*, the court dismissed the count of the complaint alleging a violation of §1692g(a)(2) presumably because "the plaintiff's complaint [did] not include any indication of what name it contends is the accurate name of the [creditor]." *Id.* at 785. To the extent the *Dikun* decision implies that a plaintiff must include in his or her complaint what name the plaintiff contends is the accurate name of the creditor, this court respectfully disagrees. Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, the plaintiff alleges that she received a collection letter; the letter identified the creditor as "Target;" and "Target" was not the name of the creditor, hence entitling the plaintiff to relief under 15 U.S.C. §1692g(a)(2). I believe no more is required under the notice pleading standard of Rule 8.

Consequently, for all of the foregoing reasons, the defendant's motion to dismiss will be denied.

7

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to dismiss be and hereby is **DENIED**;

**SO ORDERED** this 13th day of July 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge